IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RILEY THORNOCK, ) | |
| ) | |
| Plaintiff, ) | Case No. 7:23-cv-00638 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JES FOUNDATION REPAIR, *et al.* ) | By:   Hon. Thomas T. Cullen |
| ) |          United States District Judge |
| Defendants. ) | |

Plaintiff Riley Thornock sued Bedford County to seek redress for Bedford County's alleged constitutional violations related to the enforcement of its zoning code as related to a warehouse Thornock owned. On April 23, 2024, the court granted Bedford County's motion to dismiss and dismissed Thornock's claims against Bedford County with prejudice. (Mem. Op. at 8–13 [ECF No. 82].) This matter is back before the court on Plaintiff's second motion to reconsider (indeed, second of the day) the court's dismissal of its claims against Bedford County with prejudice under the doctrine of res judicata. (ECF No. 86.) As explained below, Thornock's motion will be denied.

**I.**

A pro se litigant's motion to reconsider the dismissal of his claims that is brought within 28 days of the judgment is properly construed as a Rule 59(e) motion. *See Prasad v. Delta Sigma Theta Sorority, Inc.*, No. 3:16-cv-897, 2018 WL 1568685, at *1 (E.D. Va. Mar. 30, 2018) (citing *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008)); Fed. R. Civ. P. 59(e). Relevant here, "[a] district court has discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account

for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (internal quotations omitted). "[R]econsideration is 'an extraordinary remedy' that should be only 'sparingly used.'" *Jones v. Buncombe Cnty.*, No. 1:10-cv-42-1, 2010 WL 2775629, at *1 (W.D.N.C. July 13, 2010) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

## II.

Thornock argues that the court should revisit its judgment to correct an error of law, asserting that his suit against Bedford County falls under Virginia Rule 1:6's exception to the doctrine of res judicata. (*See* ECF No. 86.) While the court commends Thornock for attempting to make a legal argument, it comes too late (and, in any event, is inapplicable to the claims he has brought).

"Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. While recognizing that a pro se plaintiff may not be expected to anticipate the possible grounds for the dismissal of his suit, the district court must give him "a chance to respond" to the argument for dismissal "before judgment is entered against the [plaintiff], not afterwards." *Hill*, 277 F.3d at 708. Here, Thornock responded in opposition to Bedford County's motion to dismiss his claims on res judicata grounds but failed to assert the legal argument he now raises for the first time. (*See* Thornock Resp. Bedford Cnty. Mot. Dismiss [ECF No. 42].) In other words, he had a chance to argue that his claims constituted an exception to Virginia res judicata law but chose not to, and he may not do so now in hopes of

a better result.[1] *See Pac. Ins. Co.*, 148 F.3d at 403; *see also JTH Tax, Inc. v. Aime*, 984 F.3d 284, 290 (4th Cir. 2021) ("[O]n this basis alone, the district court properly denied the motion.").

### III.

For these reasons, Thornock's second motion for reconsideration (ECF No. 86) is **DENIED**.

The clerk is directed to forward a copy of this Order to the parties.

**ENTERED** this 26th day of April, 2024.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[1] In any event, even if the court could consider Thornock's novel argument, the exception that Thornock cites does not cover Thornock's suit about his constitutional claims against Bedford County. Virginia Supreme Court Rule 1:6, which covers Virginia res judicata law, notes that "[t]he provisions of this Rule do not bar a party or a party's insurer from prosecuting separate personal injury and property damage suits arising out of the same conduct, transaction or occurrence." Va. Sup. Ct. R. 1:6(c). Thornock claims now that he suffered personal injury and property damages, but his suit is one for constitutional violations, which are not covered under the exception. *See Funny Guy, LLC v. Lecego, LLC*, 795 S.E.2d 887 (Va. 2017) (discussing the contours of the exception) (citing 18 Charles Alan Wright et al., Federal Practice and Procedure § 4410, at 277 (3d ed. 2016)).